IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BETTY MARIE RITCHERSON, DEBORAH RITCHERSON, LISA RITCHERSON, PAULA R. MATTHEWS, AND GRETA WILLIAMS,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   C.A. NO. 6:17-cv-00090 |

## **COMPLAINT FOR INTERPLEADER**

Plaintiff Unum Life Insurance Company of America ("Unum Life") seeks interpleader of claims or potential claims to certain life insurance benefits payable as the result of the death of Sercey A. Ritcherson ("Decedent") and states:

## **PARTIES**

**1. Plaintiff.** Unum Life is a Maine corporation with its principal place of business in Portland, Maine. Unum Life is a citizen of Maine.

**2. Defendant Betty Marie Ritcherson.** Betty Marie Ritcherson ("Betty") resides in McLennan County, Texas, and is a citizen of Texas. Betty may be served with process at her residence at 2816 Mildred Street, Waco, Texas 76706.

___

3. **Defendant Deborah Ritcherson.** Deborah Ritcherson ("Deborah") resides in McLennan County, Texas and is a citizen of Texas. Deborah may be served with process at her residence at 2816 Mildred Street, Waco, Texas 76706.

4. **Defendant Lisa Ritcherson.** Lisa Ritcherson ("Lisa") resides in McLennan County, Texas and is a citizen of Texas. Lisa may be served with process at her residence at 3220 N. 26th Street, Waco, Texas 76708.

5. **Defendant Paula R. Matthews.** Paula Matthews ("Paula") resides in Tarrant County, Texas and is a citizen of Texas. Paula may be served with process at her residence at 6921 Gary Lane, Fort Worth, Texas 76112.

6. **Defendant Greta Williams.** Greta Williams ("Greta") resides in McLennan County, Texas and is a citizen of Texas. Greta may be served with process at her residence at 1800 Hicks Drive, Waco, Texas 76704.

## JURISDICTION AND VENUE

7. **Jurisdiction.** This Court has exclusive jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1). The life insurance benefits at issue are payable under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Unum Life, as a claims fiduciary, seeks to obtain equitable interpleader relief pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii) to enforce the terms of the employee welfare benefit plan. The Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Unum Life, on one hand, and the defendants, on the other hand, and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs.

8.  **Venue.**  Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) as one or more of the Defendants reside in or may be found in this district.  Venue is also proper pursuant to 28 U.S.C. § 1391(d), as this action is not founded solely on diversity, at least one Defendant resides in this district, all Defendants reside in Texas, and a substantial part of the events or omissions giving rise to Unum Life's claims occurred in this district.

## OPERATIVE FACTS

9.  **The Plan.**  Unum Life issued its Group Policy No. 292000 to the Select Group Insurance Trust (Finance, Insurance, and Real Estate Industry Fund) (the "Group Policy").  Community Bank & Trust ("Community Bank") provided its eligible employees life insurance coverage under the Group Policy pursuant to certificate numbers 217546-001 and 299742-001 (the "Certificates") (the Group Policy and Certificates are referred to collectively as the "Plan").  The Decedent, as a benefit of his employment with Community Bank, was enrolled under the Plan for basic life insurance in the amount of $33,000 (the "Basic Life Benefits") and supplemental life insurance benefits in the amount of $60,000 (the "Supplemental Life Benefits") (collectively, the "Life Benefits").

10. **The Original Beneficiary Designation for the Basic Life Benefits.**  On January 31, 2012, Decedent designated his sisters, Paula and Greta, as the primary beneficiaries to receive the Basic Life Benefits.  Decedent did not designate any contingent beneficiaries and did not designate any beneficiaries for the Supplemental Life Benefits.

11. **The Power of Attorney.**  On August 24, 2016, Decedent executed a statutory durable power of attorney ("Power of Attorney"), wherein he appointed his ex-wife, Deborah, as his attorney-in-fact.  Unum Life received a copy of the Power of Attorney on September 19, 2016.

12. **Dr. Nye's Letter Regarding the Decedent's Capacity.**  By way of background, the Decedent had been hospitalized since May 2016 and was apparently in critical condition.  Accordingly, after it received the Power of Attorney, Unum Life sought certification from an attending physician regarding whether the Decedent had the requisite mental capacity to execute the Power of Attorney.  On September 30, 2016, Unum Life received a letter from Dr. Michael Nye advising that Decedent was "experiencing a cognitive impairment such that he has a deterioration or loss in intellectual capacity and is unable to make informed decisions."  Dr. Nye further stated that the Decedent was "not able to understand simple subjects such as personal finance or even personal hygiene."

13. **The Second Beneficiary Designation.**  On October 4, 2016, the Decedent executed another beneficiary designation form, this time designating his daughter, Betty, and his ex-wife, Deborah, as equal beneficiaries for both the Basic Life and Supplemental Life Benefits.

14. **The Insured's Death.**  Decedent died on December 20, 2016.

15. **Betty and Deborah Claim the Life Benefits.**  By letter dated January 27, 2017, Betty and Deborah's counsel advised Unum Life they believed the Decedent was

competent at the time of the second beneficiary change and that they were claiming the Life Benefits.

16. **Competing Claims.**  Unum Life is subject to competing claims for the Basic Life and Supplemental Life Benefits.  Specifically, if Decedent was not competent to execute the October 4, 2016, beneficiary designation, then the Basic Life Benefits are payable to Paula and Greta and the Supplemental Life Benefits are payable to Decedent's estate.  Because no estate or heirship proceeding has been initiated, the Supplemental Life Benefits would be payable to the Decedent's wife, Lisa.  However, if the Decedent was competent to execute the October 4, 2016, beneficiary designation, then the Basic and Supplemental Life Benefits are payable to Deborah and Betty.

Accordingly, Unum Life seeks resolution of these conflicting claims in good faith. Unum Life is or may be exposed to double or multiple liability.  Unum Life has no interest whatsoever in the Life Benefits other than fulfilling its obligations to pay the sums due to the appropriate party.  Accordingly, Unum Life has no independent liability to any of the Defendants and is a disinterested stakeholder in this case.

## CLAIMS FOR RELIEF

17. **Interpleader.**  Unum Life admits liability for the Life Benefits but requests that the Court adjudicate the conflicting claims and enforce the terms of the Policy and applicable law so that Unum Life will not be exposed to multiple liabilities. Contemporaneously with the filing of this Complaint for Interpleader, Unum Life has requested leave to tender into the registry of the Court the proceeds payable, together with accrued interest from the date Unum Life received notice of the claim to the date of

the filing of this Complaint. Unum Life further requests that it be discharged from further liability to the Defendants or anyone else.

18. **Attorneys' Fees.**  Unum Life has retained the services of the undersigned attorney to prosecute this action. Unum Life seeks recovery of all of its reasonable attorneys' fees and court costs incurred in this action.

## PRAYER

19. **Relief Requested.**  Unum Life respectfully requests that:

   a. the Defendants be served with process and required to answer in the time and manner prescribed by law;

   b. the Defendants be required to interplead and settle among themselves the rights and claims for the proceeds under the Policy;

   c. on final hearing, the Defendants for themselves, their heirs, legal representatives, and assigns and all other persons claiming by, through or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States Court against Unum Life for proceeds under the Policy;

   d. Unum Life be awarded its reasonable attorneys' fees and court costs in connection with this action;

   e. Unum Life be fully and finally discharged from further liability to the Defendants; and

   f. this Court grant all such other and further relief, both general and special, at law and in equity, to which Unum Life may show itself justly entitled.

Respectfully submitted,

By:   */s/ Bill E. Davidoff*
      Bill E. Davidoff
      State Bar No. 00790565
      bill.davidoff@figdav.com
      Attorney-in-Charge

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
TEL: 214.939.2000
FAX: 214.939.2090

ATTORNEYS FOR PLAINTIFF
UNUM LIFE INSURANCE COMPANY OF AMERICA